IN THE UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| RODRIGUEZ-FALCIANI<br><br>Plaintiff<br><br>V.<br><br>TRIPLE S SALUD, INC. et al.<br><br>Defendants | **Civil No**. 18-1065 (DRD) |
| TRIPLE S SALUD, INC.<br><br>Counter Claimant,<br><br>V.<br><br>RODRIGUEZ-FALCIANI<br><br>Counter Defendant. | |

**ORDER SETTING INITIAL SCHEDULING
AND CASE MANAGEMENT CONFERENCE**

All named defendants have either made an appearance in this case or defaulted, thus triggering the Court's obligation under Fed. R. Civ. P. 16(b) to schedule and plan the course of litigation in order to achieve a just, speedy, and inexpensive determination of the action.  *See also* Fed. R. Civ. P. 1; Fed. R. Evid. 102; Local Rule 6(a).  In so doing, the Court advises litigants that the interplay between Rules 7, 11, 16, and 26 requires increased responsibility on the part of counsel and mandates the Court to increase the level of judicial control over the litigation.  *See* Local Rules 7, 11,16, and 26; *and* Fed. R. Civ. P. 7, 11, 16, and 26.  The Court, therefore, believes it appropriate to set forth several ground rules at the beginning of the case that all counsel and *pro se* plaintiffs are to abide

by.  These rules are meant to complement the requirements imposed by the Federal Rules of Civil Procedure and the Local Rules of this District.

## I.      RULES OF PRACTICE

### A.  In General

All documents filed in this case will be read as if they contained a warranty as to quality and content.  Fed. R. Civ. P. 11.  The filings must be prepared to the best of the lawyers' knowledge, information, and belief.  Accordingly, these filings must stem from a reasonable inquiry into the subject matter.  The Court shall not hesitate to impose sanctions for any violations of this rule, such as the filing of complaints not well-founded in fact or the denial of allegations when the veracity of such allegations is known to the defendants.

Moreover, the Court reminds the parties that Local Rule 26(b) requires attorneys to confer with each other prior to filing any motion or objection relating to discovery.  The representatives are to make a good-faith effort to eliminate the necessity of filing any unnecessary motion or objection regarding discovery disputes.  It bears repeating that "[t]he Court shall not entertain any motion relating to discovery unless moving counsel shall first advise the Court, in writing," that the requirements of Local Rule 26(b) have been met.  That is to say, any discovery motion filed without the required statement **shall be summarily DENIED**, and other sanctions may be imposed.

As officers of the court, appearing attorneys are expected to conduct themselves in a cordial and professional manner when dealing with both the court and other counsel.  In addition, attorneys are expected to strictly adhere to the rules of professional responsibility adopted by this court.  See Local Rule 83.5.  Counsel shall refrain from

engaging in scandalous and/or personal accusations against other counsel or the court. Motions and other filings containing such attacks **shall be summarily STRICKEN from the record**. Moreover, pursuant to Fed. R. Civ. P. 11 and Local Rule 83.5, the court shall not hesitate to consider further sanctions in response to such conduct by attorneys.

### B. Discovery

All attorneys are expected to expedite discovery. The Court reminds the parties to heed the provisions of Local Rule 26(a) regarding the use of informative motions. Any motion filed in contravention of this rule shall be **summarily DENIED**. In addition, and unless otherwise directed by the Court, the use of certain methods of discovery is limited to no more than: twenty-five (25) interrogatories per party (including all discrete subparts; *see* Fed. R. Civ. P. 33(a)); twenty-five (25) requests for admission per party; and two (2) sets of requests for production per party.

### C. Motion Practice

#### 1. Page Limit

No motion shall exceed twenty-five (25) typewritten pages, in which all text, except for quoted material, shall be double-spaced. Evidentiary exhibits, appendices, and addenda are excluded from the number-of-pages limitation. Practically anything worth saying can be said in less than twenty-five pages. Hence, parties are advised that the Court will simply stop reading after page number 25, and any motion filed in violation of this maximum **shall be summarily DENIED**, albeit without prejudice of the same being re-filed after proper pruning. On rare occasions, the Court will consider a request to file a motion exceeding twenty-five pages in length, but only when such request is made **prior to the filing** of the motion, and only for **exceptionally good** cause shown.

### 2.  No Hybrid Motions to Dismiss and/or for Summary Judgment

The Court instructs the parties not to file any hybrid "Motions to Dismiss and/or for Summary Judgment."  Motions to dismiss shall be filed separately from motions for summary judgment.  This order is designed to avoid the intertwining of contradictory standards.  For example, the standard for deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim requires the Court to take all well-pleaded allegations of fact as true to determine whether the causes of action alleged may be deemed "plausible." However, the standard applicable to a Rule 56 motion for summary judgment requires that the Court determine whether or not a genuine issue of material fact exists.  This summary-judgment analysis requires the Court to take all reasonable inferences arising from facts—which have been established by affidavit, deposition, or some other reliable method—in favor of the non-moving party.  Furthermore, the requirements of Local Rule 56(b) (discussed below) apply only to motions for summary judgment.  Hybrid motions only foster confusion and delay, and—if filed—**shall be summarily DENIED**.

### 3.  Special Requirement for Motions for Summary Judgment: Statements of Contested/Uncontested Facts

The Court notes that a party moving for summary judgment is **required** to file as an attachment "a separate, short, and concise **statement of the material facts** as to which the moving party contends there is no genuine issue to be tried and the basis of such contention as to each material fact, **properly supported by specific reference to the record**."  Local Rule 56 (b) (emphasis added); *see also* Stepanischen v. Merchants Despatch Transportation Corp., 722 F 2d. 922 (1st Cir. 1983).  The Court will therefore **summarily DENY** any motion for summary judgment that fails to comply with *any* part of

this rule.  Similarly, a party opposing a motion for summary judgment is likewise required to file as an attachment to the opposition motion "a separate, short, and concise statement of the material facts as to which it is contended that there exists a genuine issue to be tried, properly supported by specific reference to the record."  Id. Opposing parties are also reminded that "[a]ll material facts set forth in the statement required to be served by the moving party **shall be deemed to be admitted** unless controverted by the statement required to be served by the opposing party."  Id. (emphasis added).  Accordingly, if the opposing party fails to fully comply with the requirements of Local Rule 56(b), the Court will deem admitted the facts set forth in the moving party's statement of uncontested facts, which as a practical matter will often be equivalent to entering default judgment against the non-moving party.

### 4.  Filing Procedures for Dispositive Motions

The Court has dispensed with special filing procedures for dispositive motions. Henceforth, the filing of all dispositive motions shall follow the procedures contained in the District of Puerto Rico's Local Rules.  *See* Local Rule 7.  The moving party is granted leave to file a reply to the nonmovant's opposition.  Likewise, the nonmovant is granted leave to file a surreply.  However, replies and surreplies are strongly discouraged by the Court and should only be filed if absolutely necessary.

The Court notes that the filing periods shall be computed pursuant to Fed. R. Civ. P. 6, including the provisions for additional time after service by mail.  The periods established above may be reasonably extended (not to exceed ten days) by agreement between the parties.  They may also be extended for good cause by order of the Court,

but the Court encourages the parties to confer with each other in a good-faith effort to resolve such disagreements before filing motions for extension of time.

Motions requesting extensions of time to perform discovery under Fed. R. Civ. P. 56(f) are to be addressed to—and are subject to the discretion of—the Court under the standards set forth by the Court of Appeals.  Ayala-Gerena, v. Bristol Myers-Squibb Co., 95 F.3d 86, 92 (1st Cir. 1996); Resolution Trust Corp., v. North Bridge Associates, Inc., 22 F.3d 1198, 1203 (1st Cir. 1994); Paterson-Leitch v. Massachusetts Elec., 840 F.2d 985, 988-989 (1st Cir. 1988).  While the granting of a motion for an extension of time pursuant to Fed. R. Civ. P. 56(d) is within the Court's discretion, that discretion is not unbridled and must comport with certain parameters as follows:

> The case at bar requires us to elaborate upon what may constitute substantial compliance in the vernacular of Rule [56(d)].  Our views may be summarized concisely.  An opponent of a summary judgment motion need not follow the exact letter of Rule [56(d)] in order to obtain its benefits. Nevertheless, he departs from the plain language of the rule at his peril. When a departure occurs, the alternative proffer must simulate the rule in important ways.  It should be made in written form and in a timely manner (that is, served with the response to the motion or filed with the court at the earliest practicable date thereafter).  In the extreme case, we can conceive of circumstances in which a party opposing a dispositive motion may not realize until the initial round of oral argument that he requires additional discovery time.  But, it is difficult to envision that a request first made after the conclusion of oral argument could be considered as seasonable.  The statement must be made, if not by affidavit, then in some authoritative manner –say, by the party under penalty of perjury or by written representations of counsel subject to the strictures of Fed. R. Civ. P. 11– and filed with the court.  Then, too, it should articulate some plausible basis for the party's belief that specified 'discoverable' material facts likely exist which have not yet come in from the cold.  There must also be shown some realistic prospect that the facts can be obtained within a reasonable (additional) time, and will, if obtained, suffice to engender an issue both genuine and material.  Last, the litigant must demonstrate good cause for failure to have conducted the discovery earlier.
>
> These are the benchmarks, we think, by which attempts to invoke Rule [56(d)], formally or informally, must be measured.  We do not expect this test to be applied in a wooden fashion.  There may well be deserving cases where the district court, in the exercise of sound discretion, will decide to excuse a failure to touch one or more of these bases, or where some idiosyncratic factor may assume overriding importance.  Yet, we suggest that counsel desirous of forestalling the swing of the summary judgment axe would do well to heed the tenor and spirit of the criteria which we have mentioned.

Paterson-Leitch v. Massachusetts Elec., 840 F.2d at 988-989 (making reference to the substance of Rule 56(f), which is now Rule 56(d)); *see also* Fed. R. Civ. P. 56(d); *and* Advisory Committee Notes on the 2010 Amendments to Fed. R. Civ. P. 56(d).

This does not mean, however, that Rule [56(d)] has no bite or that its prophylaxis extends to litigants who act lackadaisically; use of the rule not only requires meeting several benchmarks, see infra, but also requires due diligence both in pursuing discovery before the summary judgment initiative surfaces and in pursuing an extension of time thereafter.  In other words, Rule [56(d)] is designed to minister to the vigilant, not to those who slumber upon perceptible rights.  *See* Paterson-Leitch, 840 F.2d at 989.

Having traced the anatomy of the rule, we next add some flesh to the bones.  A litigant who desires to invoke Rule [56(d)] must make a sufficient proffer.  In all events, the proffer should be authoritative; it should be advanced in a timely manner; and it should explain why the party is unable currently to adduce the facts essential to opposing summary judgment.  *See* id. at 988.  When, as is often the case, the reason relates to incomplete discovery, the party's explanation must take a special form:  it should show good cause for the failure to have discovered the facts sooner; it should set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist; and it should indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion.  *See* id.

In the 'delayed discovery' type of case, then, the criterion for Rule [56(d)] relief can be thought of as embodying five requirements: authoritativeness, timeliness, good cause, utility, and materiality.  We have acknowledged that these requirements are not inflexible and that district courts are vested with considerable discretion in their administration.  *See* id. at 989.  In the exercise of that discretion, one or more of the requirements may be relaxed, or even excused, to address the exigencies of a given case.  When all five requirements are satisfied, however, a strong presumption arises in favor of relief.  *See* Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 n. 5 (1986) (stating that summary judgment will be forestalled if, and to the extent that, the nonmoving party 'has not had the opportunity to discover information that is essential to his opposition').  Unless the movant has been dilatory, or the court reasonably concludes that the motion is a stalling tactic or an exercise in futility, it should be treated liberally.  *See* 6 Moore's Federal Practice ¶ 56.24, at 797-800 (2d ed. 1993).

Resolution Trust Corp., v. North Bridge Assocs., Inc., 22 F.3d at 1203 (making reference to the substance of Rule 56(f), which is now Rule 56(d)); *see also* Fed. R. Civ. P. 56(d); *and* Advisory Committee Notes on the 2010 Amendments to Fed. R. Civ. P. 56(d).

## 5.  Deadlines for Filing Dispositive Motions

Dispositive motions—whether to dismiss, for summary judgment, or for judgment on the pleadings—shall be filed within the deadlines established at the Initial Scheduling Conference, which shall be included in the minutes of said proceeding.   Any filing

deadline, as well as management or discovery-related deadline, shall be firm; hence, motions filed beyond the deadline without first obtaining leave of the Court to do so **shall be summarily DENIED** as untimely.   Failure to comply with management and/or discovery-related deadlines shall be appropriately sanctioned.[1]

## II.   INITIAL SCHEDULING CONFERENCE MEMORANDUM

In order to set the stage for an efficient litigation process, the parties are each **ORDERED** to file an Initial Scheduling Conference Memorandum.  The **memorandum** must be filed **ten (10) days prior to the Initial Scheduling Conference**.  Further, the **memorandum** is to include:

    a.  a discussion of the parties' factual and legal contentions;

    b.  a listing of proposed uncontested facts;

    c.  a listing of the potential witnesses (fact and expert) summarizing the nature of their expected testimony;

    d.  a listing of proposed documentary evidence and a summary of the contents of such evidence;

---

[1]   "[A] litigant who ignores a case-management deadline does so at his peril ... We have made it clear that district courts may punish such dereliction in a variety of ways. ... [L]itigants have an unflagging duty to comply with clearly communicated case-management orders ... ."  Rosario-Diaz v. Gonzalez, 140 F.3d 312, 315 (1st Cir. 1998) (Court need not consider Summary Judgment filed beyond deadline Id. at 315-16.).  Violations of the Court's orders impedes its efficiency and merits sanctions.  See generally Chuang Invs. v. Eagle Inns, Inc., 81 F.3d 13, 14 (1st Cir. 1996) ("Prejudice to the court is inherent in needless delays and postponements."); Robson v. Hallenbeck, 81 F.3d 1, 2 (1st Cir. 1996) ("[A] district court has broad authority to enforce pre-trial discipline and to dismiss a case for failure to obey pre-trial orders."); Serrano-Pérez v. FMC Corp., 985 F.2d 625 (1st Cir. 1993) (expert witness obtained beyond deadline excluded from case); Goldman, Antonetti v. Medfit Int'l, Inc., 982 F.2d 686 692 (1st Cir. 1993) (dismissal with prejudice for failure to attend pretrial and settlement conference); Riofrio Anda v. Ralston Purina, Co., 959 F.2d 1149, 1154-55 (1st Cir. 1992) (disallowing amendment of complaint two months after deadline in court's scheduling order); Thibeault v. Square D Co., 960 F.2d 239, 247 n.7 (1st Cir. 1992) ("we heartily endorse the utilization of discovery closure dates ... as a case management tool"); Barreto v. Citibank, N.A., 907 F.2d 15, 16 (1st Cir. 1990) ("[W]ell established principle that discovery orders, other pre-trial orders, and, indeed, all orders governing the management of a case are enforceable under pain of sanction for unjustifiable violation."); Spiller v. U.S.V. Lab., Inc., 842 F.2d 535 (1st Cir. 1988) (Dismissal due to failure to obey Court order to retain new counsel, inter alia); Corretjer Farinacci v. Picayo, 149 F.R.D. 435 (D.P.R. 1993) (disregard of judge's scheduling order and local rules of the district justifies sanctions).

    e.  an itemization of all the discovery (including interrogatories, requests for admissions, requests for production, and depositions) that the parties wish to conduct; and

    f.  any other matter deemed appropriate.

Courtesy copies of the ISC memoranda must be provided during the Initial Scheduling Conference.

The Court reminds the parties that actions before the U.S. District Court for the District of Puerto Rico are **not** exempt from the requirements of Fed. R. Civ. P. 26(a)(1) and 26(f).  Thus, pursuant to Fed. R. Civ. P. 26(f), counsel for the parties are required to meet "as soon as practicable," in order "to consider the nature and basis of their claims and defenses and the possibilities for a prompt settlement or resolution of the case . . . and to develop a proposed discovery plan."  Fed. R. Civ. P. 26(f).  Further, after conducting said meeting, the parties are required to file with the Court as part of their Initial Scheduling Conference Memorandum an outline of the proposed discovery plan. **Failure to do so will result in appropriate sanctions.**

Additionally, pursuant to Fed. R. Civ. P. 26(a)(1), the parties are required to make mandatory disclosures "at or within 14 days after the Rule 26(f) conference."  Fed. R. Civ. P. 26(a)(1).  The disclosures may be made in writing privately, if the parties so desire. Moreover, the parties shall include a **notice of compliance** with Fed. R. Civ. P. 26(a)(1) in the Initial Scheduling Conference Memorandum.  Failure to provide the disclosures described herein and/or to provide the required notice will result in appropriate sanctions to the responsible party.

## III.   INITIAL SCHEDULING CONFERENCE

A representative or attorney for each party is ordered to attend an Initial Scheduling Conference to be held in Judge Domínguez's chambers in Old San Juan on **Tuesday, June 12, 2018, at 3:30 p.m.**[2]   *See generally* Local Rule 16(a).   Thus, the Initial Scheduling Conference Memoranda, which is referenced in Section II, *ante*, is **due by June 2, 2018**. **All outstanding pleadings or proposed amended pleadings shall be filed on or before that date.**   Thus, the Court shall not permit the pleadings to be amended nor parties to be added beyond that date, save for a showing good cause.

**The attorneys or representatives must be prepared for settlement negotiations during the Initial Scheduling Conference as the Court should attempt to settle the instant case at an early stage of the proceeding.**

### A.  Simplification of the Issues

One objective of the conference scheduled herein is to simplify the issues and to reach agreements as to uncontroverted facts and accepted principles of law applicable to the case.   Therefore, counsels attending are expected to be conversant enough with the facts and the law to enter into such agreements.   Counsel should be ready to respond to such queries as the Court may deem appropriate, **and be prepared to discuss settlement**.   As required by Fed. R. Civ. P. 16(c), "[a] represented party must authorize

---

[2]   "The obligation to participate in the planning process is imposed on all parties that have appeared in the case, including defendants who, because of a pending Rule 12 motion, may not yet have filed an answer in the case." Fed. R. Civ. P. 26 (1993 Advisory Committee notes).   The Court forewarns that if an attorney fails to appear, appears unprepared, or fails to participate in good faith in the scheduling conference, the Court, on motion or on its own initiative, may impose the sanctions established in Fed. R. Civ. P. 37, up to and including the dismissal of the action (if the non-complying party is a plaintiff), or the entry of judgment by default (if the non-complying party is a defendant).   The Court may also require the party whose attorney failed to comply with this order, the non-complying attorney, or both, to pay the expenses, including attorney's fees, incurred by the Court and by the other parties in preparing for and attending the conference.   *See* Local Rule 314(4); *see also* Boettcher v. Hartford Insurance Co., 927 F.2d 23 (1st Cir. 1991); Vakalis v. Shawmut Corp., 925 F.2d 34, 36 (1st Cir. 1991).

at least one of its attorneys to make stipulations and admissions about all matters that can reasonably be anticipated for discussion at a pretrial conference."

Correspondingly, at the Initial Scheduling Conference, counsel shall:

a. Inform the Court of their factual and legal contentions.  In particular, counsel shall:

    i. Disclose all material and pertinent facts;

    ii. State their theories of the case, with citations to statutes and case law;[3] and

    iii. Enter into stipulations as to any facts or applicable law as to which there is no reasonable ground for dispute;

b. Bring forth evidence to show such facts;

c. Assess any damages claimed;

d. Announce all documentary evidence;

e. Announce all witnesses, including experts; and

f. Inform the court whether they foresee any need to join additional parties, amend the complaint, require consolidation with other related cases, or file any other pretrial motions (such as motions to dismiss or for summary judgment).  If any such filing is foreseen, the parties shall suggest specific dates for their filing.

**B. Settlement, Alternative Dispute Resolution, and Consent to Trial before a United States Magistrate Judge**

---

[3] *See* Erff v. Markhon Indus., Inc., 781 F.2d 613, 617 (7th Cir. 1986); Rodríguez v. Ripley Indus., Inc., 507 F.2d 782, 786-87 (1st Cir. 1974); *see also* Ramírez-Pomales v. Becton Dickinson & Co., 839 F.2d 1, 3-6 (1st Cir. 1988).

At the Initial Scheduling Conference, the Court expects counsel to be prepared to discuss whether the dispute may be settled.  In that regard, it would be helpful for counsel to have discussed this matter with their clients prior to the date of the conference.  The parties should be aware that alternative forms of dispute resolution are available, such as (binding) arbitration or (non-binding) mediation.  The Court particularly encourages the utilization of mediation as a way to investigate possibilities of settlement.  Should the parties opt for mediation, the Court has local and/or continental-experienced mediators/arbitrators available.  The case, however, must be sufficiently mature to warrant alternative methods of dispute resolution.

**The Court also reminds the parties that they may consent to trial before a United States Magistrate Judge**.  28 U.S.C.A. § 636(c)(2) (1993).  This procedure could prove to be more expeditious and, therefore, less expensive than a trial before a District Judge.  The parties are, of course, free to withhold consent.  The parties are also advised, however, that the increase in the Court's criminal docket may impede timely disposition of this case.

### C. Scheduling

The Initial Scheduling Conference also serves the purposes of guiding and setting discovery procedures and scheduling this case for pretrial and trial.  The attorneys who attend this scheduling conference must be adequately prepared with the necessary materials on hand, *i.e.* datebooks, etc., and fully authorized to suggest specific dates for the items to be scheduled.  The Court does not guarantee that the dates suggested will be the ones used for the settings but will try to accommodate them if its calendar so allows and the requests are reasonable.

All counsel should anticipate a pretrial and trial date from one hundred eighty (180) to two hundred seventy (270) days after the Initial Scheduling Conference.  Once a trial date has been set with the concurrence of counsel, **no continuance will be granted except for exceptionally good cause shown**.  In particular, a trial date will not be continued solely because counsel have agreed to recommend a settlement, but only if a settlement has been firmly bound.

## IV.    INITIAL SCHEDULING ORDER

Following the Initial Scheduling Conference, the Court will issue an Initial Scheduling Order (Minutes of the Proceedings) that, among other matters, will set dates for the pretrial conference and the trial, as well as set deadlines for concluding discovery, filing dispositive motions, designating expert witnesses, filing the proposed pretrial order, and marking up the official exhibits.  The parties are **on notice** as of the date of the Initial Scheduling Conference of the Court's orders issued during said conference.  **Thus, the parties will not be excused from compliance with an order of the Court on grounds that they received a copy of the Initial Scheduling Order after the date at issue has passed.**  All deadlines set forth in the Initial Scheduling Order shall remain firm dates. The court shall not alter them, even by stipulation of the parties, except for when a clear showing of good cause is made.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 3rd day of May, 2018.

*s/Daniel R. Domínguez*
Senior U.S. District Judge